Tammy Hussin, Esq. (Bar No. 155290)
Lemberg Law, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg Law, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Naomi Flynn

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Naomi Flynn,<br><br>    Plaintiff,<br><br>    vs.<br><br>Alliance Health Networks, Inc.; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET. SEQ;***<br>**2. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, *ET. SEQ.***<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Naomi Flynn, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), and violation of California's Business & Professions Code § 17200, *et. seq.*

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Naomi Flynn (hereafter "Plaintiff"), is an adult individual residing in Stockton, California, and is a "person" as the term is defined by 47 U.S.C. § 153(10).

5. Defendant Alliance Health Networks, Inc. ("Alliance"), is a Utah business entity with an address of 9 Exchange Place, Suite 200, Salt Lake City, Utah 84111, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by Alliance and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

2

7.     Alliance at all times acted by and through one or more of the Agents.

## FACTS

8.     In or around December 2013, Alliance began calling Plaintiff in an attempt to solicit to Plaintiff its products and services.

9.     At all times referenced herein, Alliance placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice "(Automated Calls").

10.    When Plaintiff answered the phone, Alliance used a prerecorded voice advising Plaintiff to hold for the next available representative.

11.    Upon information and belief, Plaintiff never provided her cellular telephone number to Alliance and never provided her consent to Alliance to be contacted on her cellular telephone.

12.    Plaintiff waited for a representative on several occasions in an effort to get the calls to stop. Plaintiff advised the representative that she was not interested in Alliance's products and requested that all calls to her stop.

13.    Despite being instructed by Plaintiff multiple times to stop calling, Alliance nonetheless continued to place Automated Calls to Plaintiff's cellular telephone.

# COUNT I
# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein, Alliance called Plaintiff on her cellular telephone using an automatic telephone dialing system and/or by using a prerecorded or artificial voice.

16. Alliance continued to place Automated Calls to Plaintiff's cellular telephone after being advised multiple times to cease communications and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Alliance was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Alliance to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

# COUNT II
# INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

20. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

21. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

22. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced repeated telephone calls.

23. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

24. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

25. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

26. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT III
## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *ET. SEQ.*

27. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Alliance engaged in repeated instances of unlawful activity and unfair business practices as prohibited by Business and Professions Code sections 17200, *et seq*. ("hereinafter "B&P Code").

29. A business practice is "unlawful" if it violates an underlying state or federal statute or common law. Alliance is in violation of the B&P Code by violating the TCPA.

30. Alliance engaged in unfair business practices by repeatedly placing calls to Plaintiff after being instructed to stop, invading Plaintiff's right to be free from unwanted invasions and causing injury thereby.

31. Alliance likely engages in similar unfair practices by calling other persons in violation of the TCPA and over their objection, and should be enjoined from engaging in further violations of law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

6

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. An Order enjoining Defendant from violating the TCPA;

D. Costs of litigation and reasonable attorney's fees pursuant to pursuant to Cal. Civ. Code § 1021.5 for violations of the B&P Code;

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 23, 2014                    TAMMY HUSSIN

By: */s/ Tammy Hussin*
Tammy Hussin, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Naomi Flynn